PANAMANIAN SECURITIES, INCORPORATED,
Plaintiff,

*vs.*

PUNTA ALEGRE SUGAR CORPORATION, a Delaware corporation, CHASE MANHATTAN BANK, a New York corporation, and ROBERT L. CUDD,
Defendants.

*New Castle, January 13, 1960.*

*E. Dickinson Griffenberg, Jr.,* of Killoran and VanBrunt, Wilmington, for plaintiff.

*S. Samuel Arsht,* of Morris, Nichols, Arsht & Tunnell, Wilmington, pro se, for Morris, Nichols, Arsht & Tunnell and for his New York associates.

SEITZ, Chancellor: The Delaware law firm of Morris, Nichols, Arsht and Tunnell, together with an out of state law firm (collectively referred to herein as "plaintiff's counsel") were allegedly employed by the plaintiff corporation to represent it in an action against certain defendants. After some preliminary maneuvering the subject

matter of the case was settled by the parties to the action without the participation of plaintiff's counsel. Thereafter plaintiff's counsel were notified that they did not represent plaintiff and were asked to withdraw. While recognizing that plaintiff had the right to discharge them, plaintiff's counsel contended that as a condition to their discharge their fee should be paid. Plaintiff argues in turn that plaintiff's counsel were never employed by any authorized representative of plaintiff corporation and so they are not entitled to any fee.

Subsequently, E. D. Griffenberg, Jr., Esquire filed a notice of appearance as counsel for plaintiff together with a motion by plaintiff to strike the appearance of plaintiff's counsel. Plaintiff's counsel filed an answer to the motion which took the position in effect that the granting of the motion should be conditioned upon the payment of their fee.

Within a few days after the filing of the Griffenberg appearance, the discharged counsel commenced a foreign attachment action for their fees in the Superior Court. So far as appears, the property attached has a value sufficient to cover their claim. Although they have the Superior Court action pending, plaintiff's counsel nevertheless resist the motion to strike their appearance in this action until their fee is paid. No question of discharge for "cause" is here involved.

Both sides agree that if an attorney is discharged without cause, it is within the court's sound discretion to determine whether in striking an appearance it will condition it in such a way as may result in the payment of the attorney's fee, if due.

Plaintiff argues that the court should exercise its discretion against imposing such a condition where, as here, such attorneys have an effective action pending. Plaintiff's counsel set forth several reasons why this court should impose the condition requested and hear and dispose of the matter. Preliminarily, I think the problem has two possible aspects. First, the court can consider whether it should secure the attorney's claim by requiring a bond, etc. Second, the court can consider whether it will decide the fee matter or leave the attorney to his independent action.

It seems to be tacitly conceded by plaintiff's counsel that the collection of any judgment obtained in the Superior Court action is adequately secured by the property attached therein. This being so, the real issue would seem to be whether this court should decide the claim or permit it to be decided in the pending independent action.

Plaintiff's counsel claim that there will be serious prejudice to them if this court refuses to decide the matter. They first say that there would be substantial delay in the Superior Court action because under the foreign attachment procedure the defendant's answer isn't even due until June 1960. I do not believe this factor is too significant because presumably the issue will be disposed of on a summary judgment motion, if as the parties seem to agree, the facts are not in dispute. If the facts are in dispute the doubt in this case should be resolved in favor of the law court. I say this because it would seem desirable to submit an attorney's disputed fee to a jury if desired.

Certain alleged economic burdens are asserted by plaintiff's counsel as reasons why this court should decide this matter. Thus, they say that all the relevant evidence is already in the record in this case and would have to be reobtained if the matter is tried in the Superior Court. The terms under which the case was settled appear to have given some of the defendants control of the plaintiff corporation. This being so it is unrealistic to suggest that the evidence in the record must be reobtained.

The parties seem to agree that the facts are not in dispute. As stated, the issue is whether the persons who employed plaintiff's counsel initially on behalf of plaintiff corporation had authority to do so. This seems to depend upon a finding as to Panamanian law, the plaintiff corporation being chartered in that country. This issue can be resolved just as well in the independent action as here.

After reviewing the facts presented, I am of the opinion that the court should not exercise its discretion and impose any condition to the striking of the appearance of plaintiff's counsel.

Present order on notice.